**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHANG WONG, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff brings this action to recover for overcharges of sales tax imposed by defendant Target Corporation.

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §1332(d). The amount in controversy exceeds $5 million, exclusive of interest and costs. As set forth below, the parties are of diverse citizenship – plaintiff is a citizen of Illinois, defendant is a citizen of Minnesota.

3. Venue and personal jurisdiction in this District are proper because the events at issue occurred here.

## PARTIES

4. Plaintiff Chang Wong is a resident and domiciliary of DuPage County, Illinois.

5. Defendant Target Corporation is a Minnesota corporation that has its principal offices at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. It operates over 50 Target stores within Illinois. (Exhibit A)

## FACTS

6. Target stores regularly accept coupons.

7. On information and belief, the policy and practice of Target in Illinois, when it calculates sales tax for a transaction in which a coupon is issued, is to calculate the tax on the full amount of the purchase before deducting the amount of the coupon.

8. Target relies on computerized systems for point-of-sale processing in its stores, including the processing of coupons. On information and belief, the processing of coupons and the calculation of sale tax in transactions involving coupons is handled by computer in a standard manner.

9. On January 22, 2015, plaintiff made a purchase at the Target at 1154 South Clark Street, Chicago, Illinois 60605, paying $10.00, getting back $.83, and tendering a $1 coupon, (Exhibit B), issued by Starbucks Corporation.

10. The coupon does not require plaintiff to pay any tax liability imposed on Target.

11. Defendant Target charged plaintiff $.22 sales tax on the purchase, at a rate of 2.25%, as shown by the receipt attached as Exhibit C.

12. The $.22 is 2.25% of $9.95, not of $8.95.

13. Plaintiff was overcharged.

14. Plaintiff relied on defendant's computation of the amount due, and was damaged as a result.

15. 86 Ill. Admin. Code 130.2125, "Trading Stamps, Discount Coupons, Automobile Rebates and Dealer Incentives," provides:

> . . . b) **Discount Coupons**
>
> > 1) Where the retailer receives no coupon reimbursement:
> >
> > > **If a retailer allows a purchaser a discount from the selling price on the basis of a discount coupon for which the retailer receives no reimbursement from any source, the amount of the discount is not subject to Retailers' Occupation Tax liability. Only the receipts actually received by the retailer from the purchaser, other than the value of the coupon, are subject to the tax. For example, if a retailer sells an item for $10 and the purchaser provides the retailer with a $1 in-store coupon for which the retailer receives no reimbursement from the manufacturer of the item or any other source, the retailer's**

> **gross receipts of $9 are subject to Retailer's Occupation Tax.**
>
> **2) Where the retailer receives full or partial coupon reimbursement:**
>
> > **A) If a retailer allows a purchaser a discount from the selling price on the basis of a discount coupon for which the retailer will receive full or partial reimbursement (from a manufacturer, distributor or other source), the retailer incurs Retailers' Occupation Tax liability on the receipts received from the purchaser and the amount of any coupon reimbursement. For example, if a retailer sells an item for $15 and the purchaser provides the retailer with a $5 manufacturer's coupon for which the retailer receives full reimbursement from the manufacturer of the item, the retailer's gross receipts of $15 are subject to Retailers' Occupation Tax. Technically, the coupon issuer (the manufacturer in this example) owes the corresponding Use Tax on the value of the coupon. However, in many cases, the coupon issuer incorporates language into the coupon that requires the bearer (the purchaser in this example) to assume this Use Tax liability. . . .**

16. The coupons issued by Starbucks Corporation do not say anything about tax liability (Exhibit B).

## CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

18. The class consists of (a) all individuals who redeemed coupons (b) at a Target store in Illinois (c) on or after a date three years (Count I) or five years (Counts II-III) prior to the filing of this action and (d) were charged sales tax based on the price prior to the discount resulting from use of the coupon, (e) where the coupon did not require the consumer to bear Target's tax liability.

19. On information and belief, based on the number of Target stores in Illinois, and the regularity with which they accept coupons, there are well in excess of 40 class members, and joinder of all members is not practicable.

20. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The

predominant common questions are:

    a.    Whether defendant has a standard method of computing sales tax on Illinois transactions involving coupons;

    b.    Whether such practice complies with Illinois law;

    c.    Whether defendants' imposition of excess sales tax is an unfair or deceptive practice;

    d.    Whether defendants' imposition of excess sales tax is fraudulent;

    e.    Whether defendants are obligated to make restitution of the excess amounts collected.

21.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

22.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

23.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights.

### COUNT I – ILLINOIS CONSUMER FRAUD ACT

24.    Plaintiff incorporates paragraphs 1-23.

25.    Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by overcharging plaintiff and other consumers on sales tax. *People ex rel. Hartigan v. Stianos*, 131 Ill.App.3d 575 475 N.E.2d 1024 (2d Dist. 1985).

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Compensatory damages;

    b.    Punitive damages equal to at least 1% of the annual revenue of each of

        defendant's Illinois stores during each year the violations occurred;

    c.    An injunction against further overcharges;

    d.    Attorney's fees, litigation expenses and costs of suit;

    e.    Such other or further relief as the Court deems proper.

### COUNT II – COMMON LAW FRAUD

26.    Plaintiff incorporates paragraphs 1-23.

27.    Defendant misrepresented the amount of sales tax due on the transactions of plaintiff and other consumers.

28.    Plaintiff and other consumers relied on the misrepresentation by paying excess sales tax.

29.    Defendant knew or recklessly disregarded the manner in which tax should be computed.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    a.    Compensatory damages;

    b.    Punitive damages equal to at least 1% of the annual revenue of each of defendant's Illinois stores during each year the violations occurred;

    c.    Costs of suit;

    d.    Such other or further relief as the Court deems proper.

### COUNT III – MONEY HAD AND RECEIVED

30.    Plaintiff incorporates paragraphs 1-23.

31.    Defendant unjustly enriched itself, such that it is obligated in good conscience to make restitution, by overcharging plaintiff and other consumers on sales tax.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    a.    Appropriate damages;

      b.      Costs of suit;

      c.      Such other or further relief as the Court deems proper.

                          s/ Daniel A. Edelman
                          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya G. Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

        Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

                          s/ Daniel A. Edelman
                          Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Daniel A. Edelman
Daniel A. Edelman